UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD BENNETT,

    Plaintiff,

v.                                      CASE NO. 10-10997
                                        HONORABLE MARIANNE O. BATTANI
A. L. WRIGHT,                      MAGISTRATE JUDGE HLUCHANIUK
RICHARD STAPELTON, and
RUSS WATTLES,

    Defendants.
_____/

## ORDER TRANSFERRING CASE TO THE WESTERN DISTRICT OF MICHIGAN

Plaintiff Ronald Bennett, a state prisoner at Gus Harrison Correctional Facility in Adrian, Michigan, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Defendants are employees of the Michigan Department of Corrections. A. L. Wright is a hearing officer; Richard Stapelton is a hearings administrator; and Russ Wattles is a correctional officer.

The complaint and exhibits allege that, on February 18, 2009, while Plaintiff was incarcerated at Lakeland Correctional Facility in Coldwater, Michigan, defendant Wattles issued a major misconduct report, charging Plaintiff with theft, being out of place, and disobeying a direct order. On March 10, 2009, defendant Wright found Plaintiff guilty of theft and disobeying a direct order. Plaintiff lost his job as a result of the misconduct and was assessed ten days loss of privileges. On March 19, 2009, defendant Stapelton denied Plaintiff's request for a rehearing.

Plaintiff claims that the defendants destroyed evidence, denied him a fair misconduct

hearing, and violated his rights to due process and equal protection of the law. He seeks money damages from defendants Wattles and Stapelton.

A threshold question is whether venue is proper in this District. The proper venue in civil actions in which jurisdiction is not founded on diversity of citizenship is the judicial district where (1) any defendant resides if all defendants reside in the same state, (2) a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of property that is the subject of the action is situated, or (3) any defendant may be found if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). Public officials "reside" in the county where they serve. *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972).

The events giving rise to this cause of action occurred at Lakeland Correctional Facility in Branch County, Michigan, and all the defendants "reside" in either Branch County or Ingham County. Both counties lie in the Western District of Michigan. *See* 28 U.S.C. § 102(b)(1). Thus, venue is proper in the Western District, and the Clerk of Court is ordered to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. §§ 1391(b) and 1406(a).

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: March 16, 2010

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys

and/or parties of record by electronic means or U.S. Mail on March 16, 2010.

                                         S/G. Wilson
                                         Judicial Assistant